CHARLES CARROLL, Chief Judge.
The defendant below has appealed from an adverse judgment, based on a jury verdict, in a slip and fall case. The appellee Donald Neihoff, Jr., joined by his father as next friend and individually, sued the appellant for damages for personal injuries which allegedly resulted to the plaintiff minor when he slipped on a substance on the floor of appellant’s restaurant premises, where he and his parents were business invitees. The complaint alleged, in the alternative, that the condition was created by the defendant or had existed a sufficient time to have been known and remedied by exercise of reasonable care.[1] The court refused a requested charge relating thereto.
The charge which the trial court gave, in addition to defining negligence and the status of invitee, was as follows:
“You are further instructed that the owner or occupant of a premises owes an invitee the duty of keeping the premises in a reasonably safe condition, to guard against subjecting the invitee to dangers known to the owner or occupant or which might reasonably have been foreseen by the owner or occupant, and to warn against known dangers.”
At the outset it is noted that the above quoted charge, though similar in some respects, is not the standard jury charge recommended in a case involving an issue as to a landowner’s negligence toward an invitee. And the charge given appears defective wherein it specified a duty to warn only as to known dangers. We hold, however, that the charge in question was insufficient in the circumstances of this case, for another reason.
*207 Here, by alleging in the alternative that the condition complained of was caused by the defendant or had existed for a sufficient time to have been known by the owner by the exercise of reasonable care and remedied, the complaint introduced the material element of notice. In a similar case, where the negligence was so pleaded (Carls Markets v. Meyer, Fla.1953, 69 So.2d 789), the Supreme Court held it was necessary to charge the jury that if it appeared that someone other than the employees or agents of the defendant put the foreign matter on the floor, liability of the defendant would follow only if plaintiff established that it had remained for a sufficient length of time for the defendant to have discovered it by the exercise of reasonable care and to have remedied it before the injured person fell. In the Carls Markets case (pp. 791-792) the court said:
“But, only a few days before the trial the plaintiffs were permitted to amend their complaint by averring that the defendant negligently allowed the quantity of slippery substance to remain on the floor and that it ‘had existed for a long enough period of time on the said floor that the defendant knew or by the exercise of reasonable care should have known of the existence of said condition * * By this count the element of notice was introduced and the judge was obliged to charge the jury, as defendant requested, that if it appeared that any person other than employees and agents of the defendant put the foreign matter on the floor liability on the part of the defendant would follow ‘only in the event that the plaintiff * * * established that the foreign matter had remained * * * for a sufficient length of time * * * for the defendant to have discovered the same by the exercise of ordinary care’ and to have remedied the condition before the injured person fell.
“Although we feel that such a charge was not required by the issue joined on the original count it was necessary by the issue joined'on the amended one and that failure to give it was error.”
On the authority of Carls Markets v. Meyer, supra, the judgment is reversed, and the cause is remanded for new trial.
Reversed and remanded.

. Paragraph 2 of the complaint alleged: “That upon the floor of the defendant’s premises at the time set forth above there was an accumulation of liquid, which when combined with the type of floor involved, created a very slippery and dangerous condition for patrons attempting to walk thereon; that moreover, such condition was either caused by the defendant through its agents, servants or employees or alternatively, it existed for such a period of time that the defendant should have in the exercise of reasonable care, discovered and eliminated said dangerous condition.”